## Muhlenberg Coal Company, et al. v. Hogg.

### Same v. Leavell.

(Decided October 29, 1914.)

## Appeals from Muhlenberg Circuit Court.

Evidence—Judgment of Chancellor.—When the evidence is so conflicting as to leave us in doubt as to the right of the case, our general rule is to adopt the views of the chancellor and affirm the judgment.

TAYLOR & EAVES for appellants.

DOUGLAS BELL and TRIMBLE & BELL for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In December, 1911, the appellee, Leavell, sold to the appellee, Hogg, five mules and took his note therefor, the note containing a provision that Leavell should retain the title to the mules until they were paid for. In January, 1912, Hogg bought from Leavell four other mules and executed to him a note covering the price of the nine mules, the note executed in December being cancelled. At the same time Hogg executed to Leavell a mortgage on the nine mules to secure the payment of the note, and this mortgage was promptly recorded in the office of the clerk of the Muhlenberg County Court. The mortgage describes the mules as:

"Nine pit mules ranging in age from five to ten years, four of which were this day sold to first party and five of which are already in his possession in Muhlenberg County, Kentucky, and in the Elk Valley and Diamond Block Mines. The four this day sold to him are to be carried by him to Muhlenberg County and be used in the said mine."

Some time in August, 1912, the mules not having been paid for, Leavell agreed that if Hogg would return the mules he would cancel the debt, and thereupon, on August 24, 1912, Hogg delivered to Leavell seven of the mules, for which he received due credit, and it was agreed that the note should be cancelled when the other two mules were delivered. After this, and in September, 1912, Hogg filed suit against the Muhlenberg Coal Company and Caldwell, charging that they had possession of the two mules purchased by him from Leavell, they

being the same mules that he was to deliver to Leavell in satisfaction of the debt. In a suit he described these two mules as "one bay mare mule named Kate and a black horse mule named Toby." He sought damages for the wrongful detention of these mules and judgment for their recovery or their value. After this suit was brought, the Muhlenberg Coal Company and Caldwell executed a bond and retained possession of the mules.

In December, 1912, Leavell filed suit against Hogg, asking judgment against him for the balance due on the note and asserting a lien on the two mules not returned by Hogg. In January these suits of Hogg and Leavell were transferred to equity and consolidated.

For answer to these two suits the defendants denied that the mules in controversy were the mules that Hogg had purchased from Leavell. Other issues were made, but this was the chief one relied on. After this the case was prepared for trial, and upon a hearing, it was adjudged that Hogg was entitled to the mules and damages for their detention, and Leavell was also given judgment against Hogg for the balance due on the notes and a lien on the mules to secure its payment. From this judgment the Muhlenberg Coal Company and Caldwell appeal.

The only substantial question in the case is whether these mules in controversy were the mules bought by Hogg from Leavell. If they were, the judgment is correct; if they were not, it is erroneous.

In August, 1913, Leavell examined these two mules, which were in the possession of the appellants, and identified them as two of the mules that he had sold to Hogg.

S. A. Elliott, an employe of Leavell's, at the same time inspected the mules and identified them as two of the mules sold by Leavell to Hogg.

Hogg testified that he bought five mules from Leavell in December, 1911, and four on January 12, 1912, and then gave the mortgage on them heretofore mentioned; that Leavell got seven of the mules back, and the other two in controversy in this suit were in the possession of the appellants; that these mules were two of the four bought in January, 1912; that he saw these mules in the possession of the appellants a few days before his deposition was taken in August, 1913, and identified them positively as two of the mules bought from Leavell; that after he bought the mules they were not owned by the Elk Valley Consolidated Coal Company or any other

person except himself; that he was working the mules in the Browder mine that he had under lease when Caldwell took possession of the mine and the mules and refused to surrender the mules, although their possession had been demanded.

John Estridge said that he was working for Hogg when these mules were bought and that the two mules in question were being worked at the Browder mine; that in August, 1913, shortly before he gave his deposition, he saw these mules in the possesion of the appellants and identified them as two of the mules bought by Hogg from Leavell.

For the appellants, Caldwell in his evidence said that he took possession of the Browder mine on the 27th day of November, 1911; that no mules purchased by Hogg from Leavell, or any one else, had been used in the Browder mine after November 27, 1911; that the two mules now claimed by Hogg and Leavell were in the Browder mine when he took possession of it on November 27, 1911.

L. D. Hay, a witness for the appellants, said that he was acquainted with Kate and Toby and that these two mules were at the Browder mine on November 27, 1911.

Dolph Burk, also a witness for the appellants, said that Kate and Toby were brought to the Browder mine in October, 1911.

These are the only witnesses who testified, and it will be observed that the witnesses for the appellants said that these mules were at the Browder mine in October, or, at any rate, in November, 1911, which was before Hogg bought the mules from Leavell. Of course, if these mules were at the Browder mine in November, 1911, neither Hogg nor Leavell had any claim to them. On the other hand, witnesses for the appellees were equally as positive that these two mules were the ones bought by Hogg from Leavell.

With the evidence in this condition we are inclined to think that Kate and Toby were two mules bought by Hogg from Leavell. At least giving to the judgment of the lower court the weight to which it is entitled, we do not find that he erred in adjudging these mules to the appellees.

We find a suggestion in brief of counsel for appellants that in no event should judgment have gone against Caldwell. But it seems to us that Caldwell and the Muhlenberg Coal Company were acting in concert in this

matter and that both of them participated in taking pos-
session of these mules and detaining them.

Wherefore, the judgment on the appeal of the Muh-
lenberg Coal Company and Caldwell against Andrew
Hogg, and the judgment on the appeal of the Muhlen-
berg Coal Company and Caldwell against Richard Leav-
ell, are affirmed.